**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Dolores Staretz<br>George Staretz<br><div align="center">Debtor(s)</div> | CHAPTER 13 |
| Deutsche Bank National Trust Company, as<br>Trustee, in trust for the registered holders of<br>Morgan Stanley ABS Capital I Inc. Trust<br>2006-HE7, Mortgage Pass-Through<br>Certificates, Series 2006 HE7<br><div align="center">Movant</div><br>vs. | NO. 22-10313 PMM<br><br>11 U.S.C. Section 362 |
| Dolores Staretz<br>George Staretz<br><div align="center">Debtor(s)</div> | |
| Scott F. Waterman<br><div align="center">Trustee</div> | |

**CONSENT ORDER ON MOTION FOR RELIEF FROM STAY**

1. The above-styled Motion having been scheduled for a hearing before the Court on September 13, 2022 upon Notice of Motion to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. FURTHER IT IS HEREBY ORDERED that the Motion for Relief from Stay is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

3. FURTHER ORDERED that as of August 26, 2022, the post-petition arrearage is $0.00.

4. Regular payments in the amount of **$1,195.04 to** be paid on or before **September 1,**
   **2022** and any additional amount as required or allowed by the Note and Security
   Instrument. Payments should be sent to: Select Portfolio Servicing, Inc. Attn:
   Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165-0450.

5. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified
   herein, or in any regular monthly mortgage payments which come due according to
   Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent
   by first class mail to Debtor(s), attorney for Debtor(s) and the Trustee, and failure of
   Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such
   notice, Movant may file a motion and affidavit of default, with service upon Debtor(s),
   attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing
   Movant from the automatic stay, without further notice or hearing.

6. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the
   Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R.
   Bank. P. 4001(a)(3) may be waived.

7. FURTHER ORDERED that upon completion of any foreclosure sale, any funds
   in excess of the amount due to Movant and to any subordinate lienholder(s)
   properly entitled to receive proceeds under applicable State Law that would
   otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity
   receiving the funds from the foreclosure sale for the benefit of the Estate while
   the Debtor(s) remains in bankruptcy.

Dated this 15th day of September, 2022


**CONSENTED TO BY:**


/s/Denise Carlon, Esquire
**Denise Carlon, Esquire**
**Attorney for Movant**



**Brenna Hope Mendelsohn, Esquire**
**Attorney for Debtor(s)**



**Scott F. Waterman, Esquire**
**Chapter 13 Trustee**




Approved by the Court this _____ day of _____, 2022.  However, the court retains discretion regarding entry of any further order.




_____
Bankruptcy Judge
Patricia M. Mayer Judge